**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1125**

WENDELL COOPER,

                Plaintiff - Appellant,

       v.

SPARTANBURG COUNTY SCHOOL DISTRICT NO 7,

                Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  J. Michelle Childs, District Judge.  (7:13-cv-00991-JMC)

Submitted:  June 29, 2017                       Decided:  July 21, 2017

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Wendell Cooper, Appellant Pro Se.  Kenneth William Nettles, Jr., LYLES DARR & CLARK, LLP, Spartanburg, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wendell Cooper appeals the district court's order adopting the magistrate judge's recommendation to grant summary judgment to Defendant and dismiss Cooper's civil action, in which Cooper alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2012) (Title VII); 42 U.S.C. § 1981 (2012); the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601–2654 (2012) (FMLA); and two claims under South Carolina law. Cooper also appeals the district court's order denying his Fed. R. Civ. P. 59(e) motion to alter or amend judgment and the magistrate judge's earlier text order imposing a monetary sanction for Cooper's failure to attend his properly noticed deposition.

The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2012). The magistrate judge recommended that relief be denied on all claims and advised Cooper that failure to file timely objections to this recommendation could waive appellate review of a district court order based upon the recommendation. The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Cooper, by failing to object to the magistrate judge's proposed disposition of his Title VII and § 1981 claims after receiving proper notice, has waived appellate review of the disposition of those claims.

2

We next consider Cooper's challenge to the district court's order granting summary judgment to Defendant on Cooper's claims under the FMLA and South Carolina law. After reviewing the record, we conclude that no genuine disputes of material fact exist as to either Cooper's FMLA or state law claims. Accordingly, we affirm for the reasons stated by the district court. *Cooper v. Spartanburg Cty. Sch. Dist. No. 7*, 7:13–cv–00991–JMC, 2016 WL 3610608 (D.S.C. July 6, 2016).

Finally, our review of the record leads us to conclude that the magistrate judge did not abuse her discretion in awarding costs and fees, including attorney's fees, to sanction Cooper's willful failure to attend his properly noticed deposition. *See Flame S.A. v. Freight Bulk Pte. Ltd.*, 807 F.3d 572, 585 (4th Cir. 2015) (providing standard of review).

Accordingly, we affirm the magistrate judge's text order imposing discovery sanctions, the district court's order granting Defendant's motion for summary judgment, and the district court's order denying Cooper's Rule 59(e) motion. *See* Order Granting in Part Def.'s Mot. for Sanctions, *Cooper*, No. 7:13–cv–00991–JMC (Jan. 25, 2016), ECF No. 147; Order Granting Def.'s Mot. for Summ. J., *Cooper*, No. 7:13–cv–00991–JMC, 2016 WL 3610608 (July 6, 2016); Order Den. Pl.'s Mot. to Reconsider and Alter J., *Cooper*, No. 7:13–cv–00991–JMC, 2016 WL 7474380 (Dec. 29, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*